# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| THOMAS N. McDANIELS, | : | |
| Plaintiff, | : | Case No. 3:10cv00326 |
| vs. | : | District Judge Timothy S. Black<br>Magistrate Judge Sharon L. Ovington |
| VICKIE MOSIER, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Thomas N. McDaniels, a resident of Dayton, Ohio, brings this case *pro se* naming as defendants Vickie Mosier and Deborah Hall.  He alleges, "Defendant Mosier stated in April 2010 that [his] food stamps were good until June 2011."  (Doc. #2 at 12).  He further alleges, "They did not charge my card on June 4, 2010.  You cannot get a hold of them and they will not return phone calls at appropriate times.  Deborah Hall did not return any calls.  This is an urgent motion to have them charge my card for the months of June - July - August 2010 immediately.  I have recently discovered I may be diabetic so I am supposed to eat certain foods, but I cannot purchase them because of their incompetence."  *Id*. (underline in original; capitalization omitted).

The Court previously granted Plaintiff's Application to Proceed in forma pauperis

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

under 28 U.S.C. §1915.  The case is presently before the Court for a sua sponte review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B).  If the Complaint raises a claim with an arguable or rational basis in fact or law, it is neither frivolous nor malicious, and it may not be dismissed *sua sponte*. *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  A Complaint has no arguable factual basis when its allegations are "fantastic or delusional."  *Brand*, 526 F.3d at 923 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); *see Lawler,* 898 F.2d at 1199.  A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist.  *See Neitzke,* 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923.

Determining whether a Complaint fails to state a claim upon which relief may be granted starts by accepting the plaintiff's allegations as true and construing the Complaint in the light most favorable to the plaintiff.  *Gunasekera v. Irwin,* 551 F.3d 461, 466 (6th Cir. 2009).  "[A] complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'"  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 1965, 167 L.Ed.2d 929 (2007)).

Plaintiff's factual assertions are rational rather than fantastic or delusional. *See Brand*, 526 F.3d at 923; *see also Jones v. Schmaker*, 1999 WL 1252870 at 1 (6th Cir. 1999) ("Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts." (citing *Lawler,* 898 F.2d at 1198-99)). His Complaint is therefore safe from dismissal under 28 U.S.C. §1915(e)(2)(B)(i).

Plaintiff's allegations in his Complaint – when accepted as true and construed liberally in his favor – do not reveal that either of the individual named defendants acted under the color of state or federal law. Without such allegations the Complaint omits an essential element of a claim under 42 U.S.C. §1983. *See Markva v. Haveman*, 317 F.3d 547, 552 (6th Cir. 2003)(and cases cited therein)(Section 1983 plaintiff must show that defendant acted "under color of law"). As a result, Plaintiff's claims against Vickie Mosier and Deborah Hall rest on an "indisputably meritless" legal theory.

Alternatively, even if the Complaint sets forth a viable claim against these individuals, the relief Plaintiff seeks – an immediate Order requiring the named defendants to provide him with food stamps – is not available under the circumstances alleged. The Complaint lacks allegations indicating there is a substantial likelihood of success on the merits of a federal claim or that irreparable harm will befall Plaintiff in the absence of immediate injunctive relief or that the applicable factors balance in favor of granting him the immediate relief he seeks. *See* Fed. R. Civ. P. 65; *see also Procter & Gamble v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996)(listing factors).

Assuming in Plaintiff's favor that he seeks to raise a state-law claim, e.g., breach of contract, this Court has subject matter jurisdiction over such claims when the parties are citizens of different states and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §1332(a). The Complaint includes Plaintiff's address in Dayton, Ohio as well as Vickie Mosier's Ohio address. The Complaint does not provide an address for Deborah Hall. The Complaint thus fails to indicate that complete diversity of citizenship exists. In addition, accepting Plaintiff's allegations as true, the Complaint describes an amount in controversy well below $75,000.00.

Accordingly, Plaintiff's Complaint must be dismissed under 28 U.S.C. §1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be DISMISSED without prejudice;

2. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3. The case be terminated on the docket of this Court.

December 14, 2010                                                             s/Sharon L. Ovington
                                                                                                  Sharon L. Ovington
                                                                           United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).